Lewis *v.* Clark.

------◆◆------

## NELSON LEWIS AND ANOTHER *v.* HORACE CLARK.

### Tenants in Common. Trover.

A tenant in common can maintain trover against his co-tenant for using hay owned by them as such tenants, but not for selling it.

TROVER for three tons of hay. Heard on a referee's report, September Term, 1886, VEAZEY, J., presiding. Judgment for the plaintiff to recover $34.40, the value of three tons of hay.

The plaintiffs having carried on for one year the defendant's farm under a verbal lease by which each was to have one-half the avails and products, moved away from the premises at the expiration of the lease, leaving six tons of undivided hay raised on said farm. The defendant used some of it and sold the rest.

*Seaman & Platt*, for the defendant, cited to prove that trover would not lie, *Sanborn* v. *Morrill*, 15 Vt. 700 ; *Tubbs* v. *Richardson*, 6 Vt. 442 ; *Hurd* v. *Darling*, 14 Vt. 214 ; *Bates* v. *Marsh*, 33 Vt. 122 ; *Albee* v. *Fairbanks*, 10 Vt. 314 ; *Granaway* v. *Miller*, 15 Vt. 152 ; *Stedman* v. *Gassett*, 18 Vt. 346 ; *Aiken* v. *Smith*, 21 Vt. 172 ; *Cilley* v. *Tenney*, 31 Vt. 401.

*Fayette Potter*, for the plaintiffs, cited to prove that trover would lie, Hill. Torts, 425 ; *Tubbs* v. *Richardson*, 6 Vt. 442 ; *Hurd* v. *Darling*, 16 Vt. 381 ; *McClellan* v. *Jenness*, 43 Vt. 183 ; 51 N. Y. 61.

The opinion of the court was delivered by

TAFT, J. . The parties were tenants in common of the six tons of hay sued for. No division or disposition of the other hay raised upon the leased premises, as shown by the report, affects the title to the six tons in question. The defendant used part of the six tons. He had no right to use the plaintiffs' half, and is liable in trover for so doing ; he sold that part of the six tons which he did not use. The sale of a chattel by one tenant in common is not such a destruction of it as to enable the co-tenant to maintain trover. The defendant is not liable in respect to the hay sold. There was error in rendering judgment for one-half of the six tons ; it should have been for only one-half of the hay used by the defendant. As the report does not show the amount nor value of it, no judgment can be rendered in this court. The case will be remanded to the County Court for such further proceedings as may be permitted there.

Judgment reversed, and cause remanded.